**FILED**

**October 16, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:15 AM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Denita Howard, ) | **Docket No.: 2014-01-0002** |
|     **Employee,** ) | |
| **v.** ) | **State File Number: 51504-2014** |
| **USXpress Enterprises, Inc.** ) | |
|     **Employer,** ) | **Judge Thomas Wyatt** |
| **And** ) | |
| **Liberty Mutual Ins. Co.** ) | |
|     **Insurance Carrier.** ) | |
| ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS AND DENYING TEMPORARY DISABILITY BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on June 25, 2015, by the employee, Denita Howard, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Howard presents two issues for determination in this telephonic Expedited Hearing. She seeks an order requiring the employer, USXpress Enterprises, Inc. (USX), to pay for emergency treatment she received following the alleged work injury. She also seeks temporary partial disability benefits from January 7, 2015, until February 18, 2015. For the reasons set forth below, the Court finds Ms. Howard is entitled to the requested medical benefits, but she is not entitled to the requested temporary partial disability benefits.

### History of Claim

Ms. Howard is a twenty-eight year-old resident of Fayetteville, North Carolina. (T.R. 1 at 1.) She worked as a trainee truck driver for USX for approximately two weeks (Ex. 7) before she suffered injury when the tractor-trailer rig she operated overturned as she exited Interstate 10 near Acadia, Louisiana. (Ex. 10 at 1, 4.) Following the above-described collision, Ms. Howard received emergency care at the American Legion Hospital in Jennings, Louisiana, for multiple contusions and a closed-head injury. (Ex. 11.)

Ms. Howard later received authorized care from Med One Care in Fayetteville,

1

North Carolina. (Ex. 9.) A Nurse Practitioner there referred Ms. Howard to a neurologist. *Id.* USX authorized neurological care by Dr. Venugopal Gadipudi.

Following a January 7, 2015 office visit, Dr. Gadipudi completed a Final Medical Report wherein he released Ms. Howard to regular duty on January 7, 2015; placed her at maximum medical improvement as of December 18, 2014; and assigned no permanent impairment for her July 1, 2014 work injury. (Exs. 16, 17.) Ms. Howard received this information at her next scheduled appointment with Dr. Gadipudi on February 18, 2015. (Ex. 8 at 2.)

USX's carrier, Liberty Mutual, terminated Ms. Howard's temporary total disability benefits on January 7, 2015, pursuant to Dr. Gadipudi's release of Ms. Howard to regular duty. (Ex. 18 at 1.) Liberty Mutual paid Jefferson Davis Emergency Group $314.92 by check dated June 19, 2015 (Exs. 14 at 2; 15.)

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[1] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Medical Benefits*

The only medical benefit Ms. Howard sought during the Expedited Hearing was

---

[1] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

2

payment of the charges of Jefferson Davis Emergency Group, LLC. (Exs. 6, 11.) USX and its carrier presented evidence documenting payment of the charge in question. (Exs. 14 at 2; 15; 18 at 1.) Although the payment was less than the amount billed, the adjuster for USX's carrier stated in her affidavit that the payment made to Jefferson Davis Emergency Group LLC was payment in full. (Exs. 6, 14 at 2, 15, 18 at 1.) Ms. Howard testified at the Expedited Hearing that she had not received a collection letter regarding the subject charge since the December 15, 2014 letter . (Ex. 6.) USX and its carrier agreed to appropriately respond if Ms. Howard receives further billing in connection with the subject charge.

On the basis of the evidence introduced at the Expedited Hearing, the Court finds that Ms. Howard will likely prevail at a hearing on the merits on the issue of the compensability of the bill she incurred from Jefferson Davis Emergency Group, LLC. The Court additionally finds that USX and its carrier paid the subject charge. However, should Ms. Howard receive further bills for this charge, the Court will require that, upon Ms. Howard's presentation of the bill, USX and/or its carrier shall investigate the bill and pay any valid charge remaining unpaid. Tenn. Code Ann. § 50-6-204 (2015).

*Temporary Partial Disability Benefits*

In *Wilkins v. Kellogg Co.,* 48 S.W.3d 148, 151 (Tenn. 2001), the Supreme Court defined temporary partial disability as, "the time during which the injured employee is able to resume work *before reaching maximum medical improvement.*" (Emphasis added.) Although the above-cited authority pre-dates the July 1, 2014 reforms to the Tennessee Workers' Compensation Law, it remains good law today. *See* Tennessee Code Annotated section 50-6-207(2)(C) (2015), which provides that, *if an employer paid temporary partial disability benefits after the date on which a workers' compensation judge determined the injured employee attained maximum medical improvement,* the employer is entitled to a credit against the employee's permanent disability award for the amount of temporary partial disability benefits paid *after the date of maximum medical improvement.* (Emphasis added.)

Ms. Howard seeks additional temporary partial disability benefits between January 7, 2015, the date USX stopped paying temporary benefits, until February 18, 2015, the date she learned Dr. Gadipudi earlier placed her at maximum medical improvement. Ms. Howard's position is contrary to Tennessee law, which provides that the date of maximum medical improvement terminates an employee's right to temporary disability benefits.

Ms. Howard can succeed in her claim for additional temporary disability benefits only if she can establish Dr. Gadipudi's opinion is wrong or that he set the date of maximum medical improvement on a date later than January 7, 2015. Ms. Howard submitted no information that challenges the correctness of the date on which Dr.

3

Gadipudi set maximum medical improvement or indicates he set maximum medical improvement on a date other than December 18, 2014.

The Court knows of no authority supporting the award of temporary disability benefits after the date of maximum medical improvement simply because nobody communicated the date of maximum medical improvement to the employee. Accordingly, the fact nobody communicated Dr. Gadipudi's assessment of maximum medical improvement to Ms. Howard until February 18, 2015, is inconsequential to her entitlement to temporary partial disability benefits. In view of the above, the Court finds that Ms. Howard is unlikely to prevail at a hearing on the merits on the issue of her entitlement to additional temporary partial disability benefits.

USX requests reimbursement of temporary partial disability benefits paid after Dr. Gadipudi placed Ms. Howard at maximum medical improvement on December 18, 2014. Tennessee Code Annotated section 50-6-207(2)(C) (2015) provides, "[t]he employer *shall be given credit against an award of permanent disability* for any amount of temporary partial disability paid to the employee after the date on which the workers' compensation judge determines maximum medical improvement." (Emphasis added.) Section 50-6-207(2)(C) (2015) specifically provides that the employer's remedy for a payment of temporary partial disability benefits after the date of maximum medical improvement is a credit against the employee's permanent disability award. Accordingly, the Court defers USX's reimbursement claim until it determines Ms. Howard's right to permanent disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. USX and/or its workers' compensation carrier, Liberty Mutual Ins. Co., shall pay the July 1, 2014 charge of Jefferson Davis Emergency Group, LLC if not previously paid.

2. If Ms. Howard receives future billings or collection notices in connection with the July 1, 2014 charge of Jefferson Davis Emergency Group, LLC, she shall provide the same to USX and/or its workers' compensation carrier, Liberty Mutual Insurance Company, and, upon receipt, USX and/or its carrier shall investigate the bill and pay any outstanding balance due or, if the bill is fully paid, seek to stop further billings or collection notices to Ms. Howard.

3. Ms. Howard's claim for additional temporary partial disability benefits is denied on the basis of compensability.

4. This matter is set for an Initial (Scheduling) Hearing on December 16, 2015, at 9:30 a.m. Eastern Time.

4

**ENTERED** this the 16th day of October, 2015.

_signature_

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 615-741-3061 or toll-free at 855-747-1721 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

5

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Additional Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 16th day of October, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Denita Howard, Self-Represented Employee | | | X | denita.howard@gmailcom |
| Charles Gilbreath, Employer's Attorney | | | X | cgilbreath@noogalaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7

# APPENDIX

Exhibits:
1. First Report of Injury;
2. Signed Choice of Physician Form (C-42) designating U.S. HealthWorks Medical Group as authorized treating physician;
3. Medical bill of Valley Radiology (for identification only);
4. Letter from Jeremy D. Moses/Liberty Mutual Ins. Co. to Med One Care, with handwritten notations;
5. Utilization Review correspondence;
6. Collection letter dated December 15, 2014, from Trover Solutions, Inc. to Ms. Howard concerning charge of Jefferson Davis Emergency Group, LLC;
7. Records of wages paid Ms. Howard by USX;
8. Appointment card documenting Ms. Howard's February 18, 2015 appointment with Dr. Venugopal Galipudi at Carolina Neurology;
9. Status Report documenting November 18, 2014 visit to Med One Care;
10. State of Louisiana Uniform Motor Vehicle Traffic Crash Report;
11. Medical Record documenting July 1, 2014 emergency visit at Jennings American Legion Hospital, Jennings, Louisiana;
12. February 12, 2014 letter from the Division of Workers' Compensation to Ms. Howard;
13. Final Medical Report of Nurse Practitioner S. McDonald dated January 6, 2015;
14. Medical Cost Summary List documenting workers' compensation payments in the claim of Denita Howard;
15. Liberty Mutual check documenting payment to Jefferson Davis Emergency Medical Group;
16. Final Medical Report of Dr. Gadipudi dated January 7, 2015;
17. January 6, 2015 letter from Dr. Gadipudi; and
18. Affidavit of Amanda DeGeeter.

Technical record:[i]
1. Petition for Benefit Determination, filed March 19, 2015;
2. Show Cause Order, filed July 16, 2015;
3. Request for Expedited Hearing filed June 25, 2015;
4. Defendants' Objection to the Setting of Ms. Howard's Expedited Hearing and Request for Relief Therefrom; Request for In-Person Hearing, filed August 17, 2015;
5. Ms. Howard's Position Statement, filed August 28, 2015; and
6. Order Scheduling Telephonic Expedited Hearing, filed September 16, 2015.

---

[i] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.